Lieutenant Clay Connolly Williston Police Department 5 Southwest First Avenue Williston, Florida 32696-0160
Dear Lt. Connolly:
As the records custodian for the Williston Police Department, you have asked substantially the following question:
Does section 790.335, Florida Statutes, require a police department to purge pawn ticket files relating to firearm transactions?
Section 539.001(9)(a), Florida Statutes, requires a pawnbroker to maintain a copy of each completed pawnbroker transaction form on the pawnshop_s premises for at least one year after the date of the transaction. The statute further states:
"On or before the end of each business day, the pawnbroker must deliver to the appropriate law enforcement official the original pawnbroker transaction forms for each of the transactions occurring during the previous business day, unless other arrangements have been agreed upon between the pawnbroker and the appropriate law enforcement official."[1]
During the 2004 legislative session, section 790.335, Florida Statutes, was created.[2] The statute provides:
"No state governmental agency or local government, special district, or other political subdivision or official, agent, or employee of such state or other governmental entity or any other person, public or private, shall knowingly and willfully keep or cause to be kept any list, record, or registry of privately owned firearms or any list, record, or registry of the owners of those firearms."[3]
The statute specifies that it does not apply, among others, to:
"(f) Firearm records, including paper pawn transaction forms andcontracts on firearm transactions, required by chapters 538 and 539. 1. Electronic firearm records held pursuant to chapter 538 may only be kept by a secondhand dealer for 30 days after the date of the purchase of the firearm by the secondhand dealer. 2. Electronic firearm records held pursuant to chapter 539 may only be kept by a pawnbroker for 30 days after the expiration of the loan that is secured by a firearm or 30 days after the date of purchase of a firearm, whichever is applicable. 3. Except as required by federal law, any firearm records kept pursuant to chapter 538 or chapter 539 shall not, at any time, be electronically transferred to any public or private entity, agency, business, or enterprise, nor shall any such records be copied or transferred for purposes of accumulation of such records into lists, registries, or databases. 4. Notwithstanding subparagraph 3., secondhand dealers and pawnbrokers may electronically submit firearm transaction records to the appropriate law enforcement agencies as required by chapters 538 and 539; however, the law enforcement agencies may not electronically submit such records to any other person or entity and must destroy such records within 60 days after receipt of such records. 5. Notwithstanding subparagraph 3., secondhand dealers and pawnbrokers may electronically submit limited firearms records consisting solely of the manufacturer, model, serial number, and caliber of pawned or purchased firearms to a third-party private provider that is exclusively incorporated, exclusively owned, and exclusively operated in the United States and that restricts access to such information to only appropriate law enforcement agencies for legitimate law enforcement purposes. Such records must be destroyed within 30 days by the third-party provider. As a condition of receipt of such records, the third-party provider must agree in writing to comply with the requirements of this section. Any pawnbroker or secondhand dealer who contracts with a third-party provider other than as provided in this act or electronically transmits any records of firearms transactions to any third-party provider other than the records specifically allowed by this paragraph commits a felony of the second degree, punishable as provided in s. 775.082 or s. 775.083." (e.s.)
The plain language of the act indicates that paper pawn transaction forms for firearms are not affected by the provisions of section 790.335, Florida Statutes, while any electronic records created from the pawn transaction must be destroyed within a specified period. Moreover, a review of the history of the enactment of the bill creating section790.335, Florida Statutes, makes it clear that the paper forms created by a pawnbroker transaction involving a firearm are not subject to the provisions of the law and supports the conclusion that only the electronic database of pawn transactions involving a firearm must be purged.[4]
Accordingly, it is my opinion that section 790.335, Florida Statutes, does not require local law enforcement agencies to purge paper pawn ticket files relating to firearm transactions.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Subsection (b) of the statute allows for the electronic transfer of pawnbroker transactions from the pawnbroker to the appropriate law enforcement official, but the original form for the transaction must be available upon request by the law enforcement official for criminal investigation purposes.
[2] Chapter 2004-59, Laws of Fla.
[3] Section 790.335(2), Fla. Stat., as created by Ch. 2004-59, Laws of Fla.
[4] Florida House of Representatives Floor Debate, HB 155, 2004 Regular Session, March 3, 2004, by Rep. Harrington, indicating that paper pawn tickets are not affected by section 790.335, Florida Statutes.